IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDRICK D. DEAN, | ) | |
|     Petitioner, | ) | Civil Action No. 13-41 Erie |
| | ) | |
| v. | ) | District Judge Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN MARK V. CAPOZZA, et al., | ) | |
|     Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.    RECOMMENDATION**

It is respectfully recommended that this case be dismissed without prejudice for failure to prosecute.

**II.    REPORT**

On or around February 8, 2013, the Clerk of Courts received from Petitioner a motion for leave to proceed *in forma pauperis* with an attached petition for a writ of habeas corpus. [ECF No. 1]. By Order dated February 11, 2013, the Court denied Petitioner's motion for leave to proceed *in forma pauperis* and directed that he must pay the $5.00 filing fee by February 26, 2013. The Order warned that Petitioner's failure to comply would result in the dismissal of this action for failure to prosecute. [ECF No. 2].

This Court's February 11, 2013, Order was mailed to Petitioner at his address of record. He did not comply with it.

The United States Court of Appeals for the Third Circuit has set out a six-factor balancing test to guide a court in determining whether dismissal of a case is appropriate. Poulis v. State Farm Fire & Casualty Co., 747 F.2d 863 (3d Cir. 1984). The court must consider: 1) the extent of the party's

1

personal responsibility; 2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; 3) a history of dilatoriness; 4) whether the conduct of the party or attorney was willful or in bad faith; 5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and, 6) the meritoriousness of the claim or defense. Id. at 868.

After weighing the Poulis factors to the extent appropriate, it is recommended that the Court dismiss this case without prejudice. Although not all the factors relevant to the Poulis balancing test weigh in favor of dismissal, that is not necessary. Hicks v. Feeney, 850 F.2d 152 (3d Cir. 1988). Petitioner has not made the necessary first step to prosecute the case because he has not paid the required filing fee. Without payment of that fee, this case cannot proceed. Petitioner is proceeding *pro se* and therefore bears all of the responsibility for any failure in the prosecution of his claims. Although it is possible that Petitioner could state a claim upon which relief could be ultimately be granted, the merits of the claim are impossible to determine at this early stage of the proceedings.

Based upon all of the forgoing, it is recommended that this case be dismissed without prejudice.


Dated:  March 5, 2013                          /s/ Susan Paradise Baxter
                                                    SUSAN PARADISE BAXTER
                                                    United States Magistrate Judge


cc:    Fredrick D. Dean
        JR0077
        SCI Pittsburgh
        PO Box 99991
        Pittsburgh, PA 15233