IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| FREDRICK D. DEAN, | ) | |
| Petitioner, | ) | Civil Action No. 13-41 Erie |
| | ) | |
| v. | ) | Senior District Judge Maurice B. Cohill |
| | ) | Magistrate Judge Susan Paradise Baxter |
| WARDEN MARK V. COPOZZA, et al., | ) | |
| Respondents. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.      RECOMMENDATION**

State prisoner Fredrick D. Dean has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. [ECF No. 6]. The Court should dismiss it because it plainly appears on its face that his claims do not entitle him to relief. See 28 U.S.C. § 2243; Rule 4 of the Rules Governing Section 2254 Cases In the United States District Courts. Therefore, it is recommended that the petition be summarily dismissed without service and a certificate of appealability be denied.

**II.      REPORT**

   **A.      Relevant Background**

In his petition, Dean purports to be challenging the judgment of sentence imposed by the Court of Common Pleas of Eric County at Criminal Docket CP-25-CR-2439-2011. Pennsylvania's Unified Judicial System provides online access to the docket sheets for criminal cases, and this Court may take judicial notice of those public dockets. The one for Dean's case shows that on or around March 13, 2012, he was found guilty of driving under the influence, driving with a suspended license, and disorderly conduct. On May 16, 2012, the court sentenced him to an aggregate term of imprisonment of 18-63

1

months, to be followed by a one year term of probation. Dean did not pursue a direct appeal before the Superior Court of Pennsylvania.

On or around March 11, 2013, Dean filed with this Court a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he raises four grounds for relief. He describes his first claim as "lack of jurisdiction, accepted of value." In support of it, he states:

> Court[s] operate on assumption, not facts. There is substitution for the personal liability, the physical body of the living man, for the actual entity that is serving as the defendant. The defendant is a fiction a legal fiction, transmitting utility, person or persons of the United States federal corporation. As the principal has the primary obligation to pay or discharge any instrument presented for acceptance. The Jurisdiction of admiralty states you cannot make a claim unless you bond the claim.

[ECF No. 6 at 5]. The basis for his second claim is that "[t]he arbitration clause in the 1988 contract was obtained by fraud or fraud in the inducement because of the pending bankruptcy and was therefore void or voidable." [ECF No. 6 at 7]. His third claim is equally obtuse, alleging "[f]ailure to make a full disclosure in contractual matter constitutes constructive fraud." [ECF No. 6 at 8]. In his fourth and final claim, Dean asserts that the Pennsylvania Constitution does not allow for the existence of the Crimes Code and, therefore, there is "no state constitutional power or ability that could uphold any criminal statute in Pennsylvania." [ECF No. 6 at 10].

These same claims, or some version of them, have been circulating through the state prison system for years, and the Court sees them from time to time in various prisoner filings. It is unclear as to why prisoners continue to pursue them, because to this Court's knowledge no state prisoner has been successful in obtaining relief by asserting them.

### B. Discussion

Federal district courts have a pre-service duty to screen and summarily dismiss habeas petitions that plainly show the petitioner is not entitled to relief. 28 U.S.C. § 2243 (a court presented with a

petition for a writ of habeas corpus "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, *unless it appears from the application that the applicant or person detained is not entitled thereto*.") (emphasis added). See also Rule 4 of the Rules Governing Section 2254 Cases (a district court may summarily dismiss a habeas petition, before the respondent files an answer "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]").

In relevant part, in order to obtain habeas relief under § 2254, a state prisoner must demonstrate that the state judgment of sentence responsible for his confinement was obtained in violation of his rights under the Constitution of the United States. See 28 U.S.C. § 2254(a) ("a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Errors of state law are not cognizable. See, e.g., Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Real v. Shannon, 600 F.3d 302, 309-10 (3d Cir. 2010).

In addition, although a *pro se* filings must be construed liberally and with a measure of tolerance, Rule 2(c) of the Rules Governing Section 2254 Cases requires that a habeas petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground." Merely asserting legal conclusions does not fulfill the requirements of Rule 2(c). As the Supreme Court explained in Mayle v. Felix, 545 U.S. 644, 649 (2005):

> In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to "specify all the grounds for relief available to [him]" and to "state the facts supporting each ground."

3

The Supreme Court also observed: "Notice pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." Id. at 656 (emphasis added).

Dean does not contend that his May 16, 2012, judgment of sentence was obtained in violation of his federal constitutional rights. Nor does he provide sufficient factual specificity to support the conclusion that he is raising any valid federal constitutional claim. The four claims that he has raised, while meritless under any standard, do not state a violation of his federal constitutional rights as required for this case to go forward. Therefore, the petition must be summarily dismissed.

### C. Certificate of Appealability

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") codified standards governing the issuance of a certificate of appealability for appellate review of a district court's disposition of a habeas petition. AEDPA limits the issuance of a certificate of appealability to circumstances where "the applicant has made a substantial showing of the denial of a *constitutional* right." 28 U.S.C. § 2253(c)(2)(emphasis added). Dean's claims for habeas relief are not based upon the denial of his federal constitutional rights. Therefore, a certificate of appealability must be denied in this case. See, e.g., Marshall v. Hendricks, 307 F.3d 26, 80-81 (3d Cir. 2002) (a certificate of appealability cannot be granted on a nonconstitutional claim). See also Brian R. Means, FEDERAL HABEAS MANUAL § 12:79 (West, June 2012).

## III. CONCLUSION

For the foregoing reasons, it is respectfully recommended that the petition for a writ of habeas corpus be summarily dismissed and that a certificate of appealability be denied.

Pursuant to the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, Dean is allowed to file objections in accordance with the schedule established in the

docket entry reflecting the filing of this Report and Recommendation. Failure to do so will waive the right to appeal. Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011).

Dated: April 10, 2013 /s/ Susan Paradise Baxter
SUSAN PARADISE BAXTER
United States Magistrate Judge

cc: The Honorable Maurice B. Cohill
 Senior United States District Judge